BRENDA H. ENTZMINGER
Nevada Bar No. 9800
RYAN KERBOW
Nevada Bar No. 11403
**PHILLIPS, SPALLAS & ANGSTADT LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESSICA MEJIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., d/b/a WAL-MART NEIGHBORHOOD MARKET #3354; DOES I through X, inclusive, ROE CORPORATIONS I through X, inclusive,<br><br>Defendant. | Case No.: 2:16-cv-02583-JAD-PAL<br><br>**STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFF JESSICA MEJIA AND DEFENDANT WAL-MART STORES, INC.** |

**STIPULATED PROTECTIVE ORDER**

The parties to this action, Defendant Wal-Mart Stores, Inc. and Plaintiff, Jessica Mejia, by their respective counsel, hereby stipulate and request that the Court enter a stipulated protective order as follows:

1. The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure and applicable local rules for the United States District Court, District of Nevada

2. The Protective Order shall govern all materials identified as "Confidential" by the parties. Disclosed materials claimed to be confidential in nature shall be produced by placing the following legend on the face of each document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. The parties will use best efforts to limit the number of

- 1 -

documents designated as "Confidential." Confidential Information in this case shall include Defendants' policies and procedures and training materials and maps/schematics of the subject Walmart store.

3. Confidential Information shall be held in confidence by each party or his or her representatives, attorneys, and agents for use solely for the purposes of this action and not for any business purpose. Documents designated as confidential may not be disclosed to persons or parties whose relationship to the dispute between the parties is not reasonably related to the prosecution or defense of claims litigated.

4. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

5. The parties will file under seal any Confidential Information included in any papers, motions, or pleadings to avoid the public disclosure of said information.

6. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

7. After the final adjudication or resolution of this Lawsuit ("final adjudication" will include the resolution of any appeals), a party may make a written demand to the other party for the return of confidential materials, including all copies and reproductions thereof. The party receiving the written demand shall have thirty (30) days from receipt of the written demand to comply with same.

//

//

//

8. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

DATED this 19th day of December 2016.    DATED this 19th day of December 2016.

**GOLIGHTLY & VANNAH, PLLC**    **PHILLIPS, SPALLAS & ANGSTADT LLC**

/s/ John B.Greene    /s/ Ryan Kerbow

JOHN. B. GREENE
Nevada Bar No. 4279
GOLIGHTLY & VANNAH, PLLC
400 S. 7th Street, 4th Floor
Las Vegas NV 89101
jgreene@vannahlaw.com

*Attorneys for Plaintiff*
*Jessica Mejia*

RYAN KERBOW
Nevada Bar. No. 11403
PHILLIPS, SPALLAS & ANGSTADT, LLC
504 South Ninth Street
Las Vegas, Nevada 89101
rkerbow@psalaw.net

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

The terms of the above stipulation for a protective order by and between Defendant, Wal-Mart Stores, Inc., and Plaintiff, Jessica Mejia, by their respective counsel, shall hereby be the ORDER of this Court.

DATED this 28th day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE